# IN THE DISTRICT COURT OF THE UNITED STATES FOR THE MIDDLE DISTRICT OF ALABAMA, NORTHERN DIVISION

| | | |
|---|---|---|
| WILLIAM GIPSON, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | CIVIL ACTION NO. |
| v. | ) | 2:17cv498-MHT |
| | ) | (WO) |
| HYUNDAI POWER TRANSFORMERS USA, INC., | ) | |
| | ) | |
| Defendant. | ) | |

## OPINION AND ORDER

Plaintiff William Gipson, an African-American, brought this lawsuit against his employer, defendant Hyundai Power Transformers USA, Inc., pursuant to Title VII of the Civil Rights Act of 1964, as amended (42 U.S.C. §§ 1981a and 2000e through 2000e-17) ("Title VII"), and the Civil Rights Act of 1866, as amended (42 U.S.C. § 1981) ("§ 1981"). This court has jurisdiction under 42 U.S.C. § 2000e-5(f)(3) (Title VII) and 28 U.S.C. § 1343(a)(3) (civil rights). Gipson asserted five claims for racial discrimination and retaliation:

(1) discriminatory wages, (2) discriminatory failure-to-promote, (3) discriminatory demotion, (4) retaliatory demotion, and (5) harassment. (Gipson also asserted several state claims but he voluntarily dismissed those earlier.)

Hyundai has responded to these five federal claims with a motion for summary judgment in its favor on all claims. The magistrate judge has recommended summary judgement against Hyundai on the first two claims for discriminatory wages and failure-to-promote, although with the failure-to-promote claim proceeding on § 1981 only. The magistrate judge has recommended summary judgment in favor of Hyundai on the two claims of discriminatory and retaliatory demotion. And Gipson has abandoned his fifth claim for harassment. The parties have filed objections to various parts of the recommendation.

The court agrees with the magistrate judge that summary judgment should not be entered in favor of

Hyundai on the discriminatory wage and failure-to-promote claims and that these claims should proceed to trial (albeit with the failure-to-promote claim based only on § 1981). The court, however, disagrees with the magistrate judge's recommendation that summary judgment should be entered in favor of Hyundai on Gipson's retaliatory and discriminatory demotion claims. These claims rely on Gibson's overall performance. As the magistrate judge noted in his recommendation in the context of the failure-to-promote claim, Gipson presented evidence casting doubt on Hyundai's assertion that, over time, co-employee Clayton Payne performed better than Gipson. Furthermore, the court notes that the performance evaluation process raises a specter of race discrimination. And there are substantial allegations of a racially hostile work environment. For the same reasons the magistrate judge concluded that there are disputes of material fact, analyzed under the various

burden-shifting frameworks, as to Payne's and Gipson's performance evaluations in the context of the failure-to-promote claim, the court concludes the same as to the retaliatory and discriminatory demotion claims.

Finally, the court will dismiss Gipson's harassment claim as abandoned.

***

Accordingly, for the above reasons, it is ORDERED as follows:

(1) The parties' objections (doc. nos. 114 and 115) to the magistrate judge's recommendation are sustained in part and overruled in part.

(2) The recommendation of the magistrate judge (doc. no. 110) is adopted as to plaintiff William Gipson's wage discrimination claim and discriminatory failure-to-promote claim, and is rejected as to plaintiff Gipson's retaliatory demotion claim and discriminatory demotion claim.

(3) Defendant Hyundai Power Transformers USA, Inc.'s motion for summary judgment (doc. no. 71) is denied as to all claims, except as to plaintiff Gipson's failure-to-promote claim to the extent it is based on Title VII. Summary judgment is granted in favor of defendant Hyundai Power Transformers USA, Inc. on Gipson's failure-to-promote claim to the extent it is based on Title VII.

(4) Plaintiff Gipson's following four federal claims will go to trial: his claims of (a) discriminatory wages, (b) discriminatory failure-to-promote, (c) discriminatory demotion, and (d) retaliatory demotion, with all four claims, except the failure-to-promote claim, resting on both Title VII and § 1981 and the failure-to-promote claim resting on only § 1981.

(5) Plaintiff Gipson's federal harassment claim is dismissed in its entirety.

**This case is not closed.**

**DONE, this the 8th day of July, 2019.**

**/s/ Myron H. Thompson**
**UNITED STATES DISTRICT JUDGE**
